# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv463

| | |
|---|---|
| MARIE ASSA'AD-FALTAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| REGIONAL POSTAL INSPECTOR, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on *pro se* plaintiff Marie Assa'ad-Faltas's Complaint (#1), Motion to Proceed in Forma Pauperis (#2), Motion for Leave to File Electronically and to Receive Orders by E-mail (#3), Motion to Appoint Counsel (#4), Motion for Preliminary Injunction (#5), and Supplement to Motion for Injunctive Relief (#6). The court will address each of these motions in order.

1. Complaint

The court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2). As a preliminary matter, the Complaint further appears to be a similar filing to a complaint previously filed by plaintiff and denied in this court. See Assa'ad-Faltas v. Regional Postal Inspector, et al., Case No. 3:12cv435, Western District of North Carolina. Plaintiff revised the previously denied motion by removing claims raised on behalf of others, including the Government of the Arab Republic of Egypt, the United States of America, and the State of South Carolina, as well as most of her *qui tam* claims, having shown no authorization to practice law.

Pursuant to § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id.

A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003).

Plaintiff filed her Complaint against several federal officials, as well as numerous state and local officials located in South Carolina. She seeks non-monetary relief including injunctions, temporary restraining orders, declarations, and a motion to convene a three-judge panel. Reading such Complaint in a light most favorable to plaintiff, it appears that she seeks redress stemming from civil and criminal judgments obtained against her and negative experiences with state and local officials in the City of Columbia, South Carolina. Additionally, she seeks various injunctive and declarative relief against the State of South Carolina, including changes to its general laws, election laws, and its court system.

The court also notes that, upon information from the Clerk of Court, plaintiff has filed or is named in 32 other federal claims, including cases in the Western District of North Carolina (Case Nos. 3:96cv540 and 3:12cv435), the Eastern District of North Carolina (Case No. 5:94cv575), the District of South Carolina (Case Nos. 3:92cv2786, 3:93cv3303, 3:94cv1578, 3:95cv1521, 3:95cv1521, 3:95cv3324, 3:95mc359, 3:96cv180, 3:01cv3574, 3:02cv323, 3:04cv2409, 3:04cv23118, 3:05cv3283, 3:06cv80, 3:07cv186, 3:09cv507, 3:10cv1985, 3:10cv3014, 3:10cv3294, 3:11cv278, 3:11cv809, 2:11cv2958, 3:11cv3077, 3:11cv3253, 5:10cv132, 1:11cv3079), and the Eastern District of Virginia (Case Nos. 3:89cv275 and 3:90cv166).

In reviewing plaintiff's grievances occurring in South Carolina, the court raises its

own lack of jurisdiction as a bar to plaintiff's claim. First, to the extent that plaintiff brings claims primarily against state officials in South Carolina, this court has no jurisdiction over such individuals under the Tenth Amendment, nor does this district include the state of South Carolina. Second, plaintiff lacks diversity jurisdiction, which requires an amount in controversy exceeding $75,000.00 and complete diversity, which means that plaintiff and defendant must reside in different states. From the face of the Complaint, it appears that plaintiff and nearly all defendants reside in South Carolina. Furthermore, the court could not find any claims in which plaintiff seeks monetary relief, let alone any amounts exceeding $75,000. Thus, this court is without proper jurisdiction to determine this matter.

Having carefully considered plaintiff's Complaint, it appears that this action must be dismissed. Section 1915(e)(2) provides, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's claims are largely frivolous and/or malicious, and plaintiff fails to state a claim. While plaintiff is certainly not a "frivolous" person and has sincerely undertaken the prosecution of this action and asserted what to her are valid concerns, the court's review of the Complaint compels the conclusion that it cannot provide any relief to plaintiff's claims, based in part upon the court's lack of jurisdiction over the subject matter of this lawsuit. This court will dismiss plaintiff's Complaint without prejudice.

2. Motion to Proceed in Forma Pauperis

The court has carefully reviewed plaintiff's affidavit, which shows no income or monthly earnings and reflects monthly expenses of approximately $4,925.00. Review of the 2012 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $11,170.00 falls below the federal poverty measure as determined by the government. See http://aspe.hhs.gov/poverty/12poverty.shtml/#thresholds. The court will, therefore, allow the application and permit plaintiff to initially proceed without prepayment of the filing fee or giving security therefor. For the reasons set forth in this Order, the United States Marshal will not be instructed to effectuate service at this time. If it is determined during the course of this litigation that plaintiff has other income or assets, or obtains new employment, the court may then require payment of fees and other costs.

3. Motion for Leave to File Electronically and to Receive Orders by E-mail

Plaintiff seeks to file electronically and to receive orders and notifications by e-mail. The local Administrative Procedures Governing Filing and Service by Electronic Means state that:

> Although parties proceeding pro se shall not file electronically, parties proceeding pro se may request in writing - solely for the purpose of the action - to receive notice via e-mail whenever a pleading or other paper is filed electronically in accordance with these procedures. Following the update to the pro se litigant's record an NEF will be generated to notify parties.

Thus, plaintiff's request will be granted to the extent that plaintiff shall receive all notices via e-mail. Plaintiff's request to file electronically is denied. Plaintiff is further instructed that she is to notify the court of any change of address, including e-mail address, mailing address, telephone or fax number, and to serve a copy of such notice on

all other parties.

    4.     Motion to Appoint Counsel

Plaintiff seeks the appointment of a competent attorney who can amend her complaint to include *qui tam* claims. Litigants, however, do not have a constitutional right to the appointment of counsel in civil cases. A court may in its discretion appoint counsel for a civil litigant "only in exceptional circumstances." Owens v. Harrison, 2010 WL 2680339 at *2 (E.D.N.C. July 6, 2010) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The existence of exceptional circumstances depends upon 'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). Factors courts have considered in the past include: 1) financial ability to retain counsel, 2) efforts to retain counsel, 3) the merits of the case, and 4) whether the party is able to represent himself or herself in the litigation. Tyson v. Pitt County Government, et al., 919 F.Supp. 205, 207 (E.D.N.C. 1996). Having carefully considered the facts as alleged by plaintiff, the court does not construe this case as one of exceptional circumstances requiring the appointment of counsel, and plaintiff's Motion to Appoint Counsel is denied.

    5.     Motion for Preliminary Injunction

Plaintiff next seeks an immediate temporary restraining order against the City of Columbia, South Carolina, as well as "unfettered leave to travel outside South Carolina for humanitarian and professional reasons." Mot., p. 1. As set forth above, the court is unable to provide relief to plaintiff based on these claims which fall outside of the court's reach, and therefore denies plaintiff's Motion, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. <u>Supplement to Motion for Injunctive Relief</u>

Plaintiff requests in her latest filing that she be granted leave to file electronically or leave for a "one-time e-mailing . . . of a more updated and organized list of links to be filed." Supp., p. 1. This court denies the motion for the reasons set forth in denying plaintiff's Motion for Leave to File Electronically and to Receive Orders by E-mail (#3).

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1) plaintiff's Complaint (#1) is **DISMISSED** without prejudice in accordance with Section 1915(e)(2)(B)(ii);

2) plaintiff's Motion to Proceed in Forma Pauperis (#2) is GRANTED;

3) plaintiff's Motion for Leave to File Electronically and to Receive Orders by E-mail (#3) is **GRANTED** in part and **DENIED** in part. The Clerk of Court is ordered to add plaintiff's e-mail address, Marie_Faltas@hotmail.com, to all NEF notices generated in this case;

4) plaintiff's Motion to Appoint Counsel (#4) is **DENIED** without prejudice to re-file at later date, if Plaintiff can show exceptional circumstances; and

5) plaintiff's Motion for Preliminary Injunction (#5) is **DENIED**.

**<u>Advice of Appellate Rights</u>**

In accordance with <u>Wilder v. Chairman of the Central Classification Bd.</u>, 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), <u>cert</u>. <u>denied</u>, 502 U.S. 832 (1991), plaintiff is hereby advised that she has the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described

in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: August 13, 2012

Max O. Cogburn Jr.
United States District Judge