# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:12cv463

| | |
|---|---|
| MARIE ASSA'AD-FALTAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| REGIONAL POSTAL INSPECTOR, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on *pro se* plaintiff Marie Assa'ad-Faltas' Motion to Reconsider (#9), pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff filed a Complaint (#1) on July 27, 2012, which this court dismissed by Order (#7) on August 13, 2012. Under Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." In this matter, the court's Judgment was entered on August 13, and Plaintiff's motion was not filed until September 11, outside of the 28 days permitted under Rule 59(e).

Notwithstanding Plaintiff's failure to file within the time permitted, the district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Here, plaintiff claims that the "clear error" exception applies, based on this court's "clear confusion," Mot., p. 1, in its previous finding that it lacked jurisdiction. This court has reviewed its previous Order and finds that it is completely consistent with law. Accordingly, the court will deny the relief sought and reaffirm its earlier Order.

**ORDER**

Having reconsidered this court's previous Order (#7), in light of plaintiff's Rule 59(e) Motion to Reconsider (#9), and finding no basis to alter its decision, the court **REAFFIRMS** its earlier Order and **DENIES** the relief requested by plaintiff.

Signed: September 13, 2012

Max O. Cogburn Jr.
United States District Judge

2